**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4255**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

MICHAEL ANTHONY MCEACHIN,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00240-NCT-2)

Submitted:  August 24, 2021               Decided:  September 7, 2021

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2018, Michael Anthony McEachin pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced McEachin to 70 months' imprisonment and 3 years of supervised release. The district court entered the underlying criminal judgment in March 2019, only a few months prior to the Supreme Court's landmark decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

McEachin timely appealed, and counsel initially submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), averring that there were no meritorious issues for appeal, but asking us to review the validity of McEachin's guilty plea and the reasonableness of his sentence. Following McEachin's submission of a pro se supplemental brief identifying *Rehaif* as a possible basis for relief, counsel submitted a supplemental merits brief raising two arguments based on *Rehaif*. Specifically, McEachin argued that, in light of *Rehaif*, the underlying indictment was invalid and that his guilty plea should be reversed because the district court committed plain error in accepting the plea without advising McEachin of the knowledge-of-status element of the § 922(g) charge.

This appeal was first placed in abeyance for our decision in *United States v. Lockhart*, No. 16-4441, following which McEachin filed a second supplemental brief. The appeal was then placed in abeyance pending issuance of our mandate in *United States v. Gary*, No. 18-4578.

After the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021), the Government moved to remove this case from abeyance and filed a formal response brief. Although afforded the opportunity to file a supplemental reply, McEachin has declined to do so. The appeal is now ripe for disposition. For the reasons explained below, we affirm the judgment in part as to McEachin's conviction, but vacate the judgment as to McEachin's sentence and remand this case to the district court for resentencing consistent with *United States v. Rogers*, 961 F.3d 291, 296-301 (4th Cir. 2020).

## I.

We turn first to McEachin's *Rehaif* challenge to his guilty plea. Because McEachin did not raise this argument in the district court, our review is limited to plain error. *See United States v. Caldwell*, No. 19-4019, 2021 WL 3356951, at *13 (4th Cir. Aug. 3, 2021) (observing that "plain-error review applies to unpreserved *Rehaif* errors").

In *Greer*, which involved two defendants—Gary and Greer—who, prior to *Rehaif*, were convicted of violating 18 U.S.C. § 922(g)(1), the Supreme Court considered whether the defendants "[were] entitled to plain-error relief for their unpreserved *Rehaif* claims." 141 S. Ct. at 2096; *see id*. at 2095. A federal jury convicted Greer following a trial, and Gary pled guilty. *Id*. at 2096. The Supreme Court concluded that neither defendant was entitled to relief, *id*., holding, as relevant here, that Gary had not met his "burden of showing that, if the [d]istrict [c]ourt had correctly advised him of the *mens rea* element of the offense, there [was] a 'reasonable probability' that he would not have pled guilty," *id*. at 2098. In reaching this conclusion, the Supreme Court found relevant that, "[b]efore [his] felon-in-possession offense[], . . . Gary had been convicted of multiple felonies," *id.* at

3

2097; Gary had not contested "the fact of [his] prior convictions"; Gary conceded his status as a felon at his plea hearing; and he neither argued nor presented any evidence establishing that he was unaware of his status as a convicted felon, *id.* at 2098. The Supreme Court opined, quite simply, that the existence of Gary's "prior convictions [was] substantial evidence" that Gary indeed knew that he was a felon. *Id*. at 2097-98.

Considered within this framework, we conclude that McEachin's *Rehaif* plain-error argument fails. Like Gary, McEachin admitted during his plea colloquy that he was a convicted felon at the time he possessed a firearm. Also like Gary, McEachin has not presented any evidence showing that he was then unaware of his felon status. At the most, McEachin twice contends in footnotes "that he would have exercised his right to trial had he known that the Government had to prove that he knew that he was in a barred class of people allowed to own firearms." (Supp. Br. (ECF No. 22) at 7 n.3 & 11 n.5). But this type of unsupported assertion is not sufficient to carry the defendant's burden under *Greer*. Finally, we observe that information contained in McEachin's presentence report— including McEachin's prior state and federal felony convictions, that McEachin was on unsupervised probation for a misdemeanor state offense at the time he committed the underlying federal crime, and a statement McEachin made upon his arrest—undercuts the notion advanced here that McEachin was unaware of his felon status when he was found in possession of a firearm. *See Greer*, 141 S. Ct. at 2098 (explaining that, "when an appellate court conducts plain-error review of a *Rehaif* instructional error, the court can examine relevant and reliable information from the entire record—including information contained in a pre-sentence report").

Upon review, we hold that McEachin does not have a viable basis on which to contend that he did not know of his felon status. Accordingly, we reject McEachin's substantive *Rehaif* challenge to his conviction.

We turn, briefly, to McEachin's secondary *Rehaif* arguments. Specifically, McEachin first asserts that the indictment was insufficient to confer subject matter jurisdiction on the district court because it did not include the knowledge-of-status element of the § 922(g) charge. However, it is well settled that a defect in an indictment does "not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). And, while not binding on us, we note that the First Circuit recently relied on *Cotton* to reject essentially the same jurisdictional argument McEachin advances here. *See United States v. Farmer*, 988 F.3d 55, 60-61 & n.3 (1st Cir.), *petition for cert. filed* (U.S. July 6, 2021) (No. 21-5011). Relatedly, McEachin claims that the indictment is invalid or defective in that, as pled, McEachin is exposed to a potential double jeopardy violation in that he could be charged separately for the same criminal conduct. But McEachin does not fully expand on this claim or point us to any supporting authority. We thus reject both of McEachin's ancillary *Rehaif* claims.

## II.

We turn, then, to the issues raised in counsel's *Anders* brief. First, counsel asks us to review the validity of McEachin's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he relinquishes by

5

pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). Because McEachin did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *Williams*, 811 F.3d at 622.

Our review of the transcript confirms that, apart from the *Rehaif* issue addressed in Part I, the district court substantially complied with the requirements of Fed. R. Crim. P. 11, that a factual basis supported the plea, and that McEachin's plea was knowingly and voluntarily entered. Accordingly, McEachin's guilty plea is valid, and we therefore affirm his conviction.

The final issues for our consideration relate to the imposed 70-month term of incarceration and 3-year term of supervised release. In the *Anders* brief, counsel asks that we review the overall reasonableness of McEachin's sentence, but does not identify any particular area of concern. We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id*. If a sentence is free

of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*.

Our review of the sentencing transcript confirms that the district court accurately calculated McEachin's advisory Guidelines range, gave the parties the opportunity to present argument and McEachin the opportunity to allocute, considered the 18 U.S.C. § 3553(a) factors it deemed most relevant, and adequately explained its reasons for imposing the custodial term of imprisonment. However, our *Anders* review in this case revealed a significant sentencing error related to the three-year term of supervised release.

Specifically, in announcing the terms of supervised release, the court only specified a few "special" conditions of supervised release. However, in its written judgment, the district court, in addition to these special conditions and the statutorily imposed mandatory conditions, included 13 "standard" conditions of supervision, which the court did not announce during the sentencing hearing. These "standard" conditions are those recommended by U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018).

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *Rogers*, 961 F.3d at 295-96. While a district court need not orally pronounce all mandatory conditions at the sentencing hearing, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id*. at 296. The district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions recommended by the Guidelines. *Id*. at 299. We recently clarified that the appropriate remedy when the district court fails to

7

announce the discretionary conditions of supervised release that are later included in the written judgment is to vacate the sentence and remand for a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

Here, the district court failed to pronounce at McEachin's sentencing hearing the 13 standard conditions imposed in the written judgment. Nor did the court incorporate these conditions by reference to the Guidelines during the hearing. We conclude, therefore, that McEachin's sentence must be vacated. *See id.*

## III.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Therefore, for the reasons outlined above, while we affirm McEachin's conviction, we vacate his sentence and remand for resentencing. This court requires that counsel inform McEachin, in writing, of the right to petition the Supreme Court of the United States for further review. If McEachin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McEachin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND*
*REMANDED*